IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEXOMA DESTINATIONS, LLC and CORNERSTONE MARINE GROUP, LP dba LIGHTHOUSE RESORT AND MARINA<br><br>   Plaintiffs<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY<br><br>   Defendant | § § § § § § § § § § § § § § | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Philadelphia Indemnity Insurance Company files this Notice of Removal, and, in support, respectfully shows the following:

**I.   THE COURT HAS DIVERSITY JURISDICTION**

Plaintiffs filed this lawsuit on February 11, 2021 in the 397th Judicial District Court of Grayson County, Texas. The case was styled *Texoma Destinations, LLC, et al. v. Philadelphia Indemnity Insurance Company*, no. CV-21-0184. The lawsuit involves Philadelphia's duty to defend and indemnify Plaintiffs as additional insureds to a commercial general liability issued by Philadelphia. Philadelphia now removes this action on the basis of diversity jurisdiction because Plaintiffs and Philadelphia are diverse, and the amount in controversy exceeds $75,000.

**A.  The Plaintiffs and Philadelphia are Diverse**

Removal is proper because there is complete diversity of citizenship between Plaintiffs and Philadelphia. 28 U.S.C. § 1446(a)(1). For purposes of diversity of citizenship, both Plaintiffs are citizens of Oklahoma. Plaintiff Texoma Destinations, LLC is a limited liability company formed

under Texas law. A limited liability company shares the citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The sole member of Texoma Destinations, LLC is a limited liability company formed under Oklahoma law called Zia Energy, LLC.[1] The members of Zia Energy, LLC are natural people who permanently reside in Oklahoma and are therefore citizens of Oklahoma. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (noting natural people are citizens of the state in which they permanently reside); *see also Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (discussing domicile). Therefore, Plaintiff Texoma Destinations, LLC is a citizen of Oklahoma for purposes of diversity jurisdiction.

Plaintiff Cornerstone Marine Group, LP, is a limited partnership formed under Texas law. Like a limited liability company, a limited partnership shares the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden*, 494 U.S. at 195-96). The sole member of Cornerstone Marine Group, LP is Cornerstone Marine GP, Inc., which is citizen of Oklahoma because it is a corporation formed under Oklahoma law with its principal place of business at 4509 N Classen Blvd., Suite 201, Oklahoma City, Oklahoma 73118. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Therefore, Plaintiff Cornerstone Marine Group, LP is a citizen of Oklahoma for purposes of diversity jurisdiction.

Philadelphia is a citizen of Pennsylvania, being an insurance company formed under

---

[1] Some Texas Secretary of State records indicate the sole member of Texoma Destinations, LLC is a corporation called Southern Resources, Inc., which is formed under Oklahoma law and has a principal place of business at 4509 N Classen Blvd., Suite 201, Oklahoma City, Oklahoma 73118. This means that, regardless of whether the sole member of Plaintiff Texoma Destinations, LLC is Southern Resources, Inc. or Zia Energy, LLC, Plaintiff is a citizen of Oklahoma for purposes of diversity.

Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. *See Hertz*, 559 U.S. at 80.

Based on the foregoing, Plaintiffs and Philadelphia are completely diverse within the meaning of §1332(a).

### B.  The Amount in Controversy Exceeds $75,000

Plaintiffs seek monetary relief greater than $250,000 and less than $1 million. *See* Ex. 2, ¶ 6. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke diversity jurisdiction. 28 U.S.C. § 1332(a); *see St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

Because all Plaintiffs are diverse from the sole Defendant in this case, and the amount in controversy exceeds $75,000, this court may exercise jurisdiction over this matter.

## II.   VENUE IS PROPER

Venue is proper in this District and Division because the Eastern District of Texas, Sherman Division encompasses Grayson County, Texas, and is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 124(c)(3), 1441(a), 1446(a).

## III.  REMOVAL IS TIMELY

This matter was filed in state court on February 11, 2021, and Philadelphia was served on March 5, 2021. Therefore, this notice of Removal is timely because it has been filed within 30 days after Philadelphia was served with Plaintiffs' Original Petition. 28 U.S.C. § 1446(b)(1).

## IV. THE REMOVAL IS PROCEDURALLY CORRECT

Pursuant to Local Rule CV-81(c), Philadelphia provides the following information:

(1) The parties to this matter, which is pending, are Plaintiff Texoma Destinations, LLC; Plaintiff Cornerstone Marine Group, LP; and Defendant Philadelphia Indemnity Insurance Company.

(2) A civil cover sheet is being filed contemporaneously with this Notice. The state court docket sheet is attached as Exhibit 1. A copy of Plaintiffs' Original Petition is attached hereto as Exhibit 2. Philadelphia's answer is attached hereto as Exhibit 3. A copy of all process is attached hereto as Exhibit 4. No orders have been served on Philadelphia.

(3) Counsel for the Parties are as follows:

Michael C. Wynne
Texas Bar No. 22110800
Wynne & Smith
707 W. Washington St.
Sherman, Texas 75091
903.893.8177
Counsel for Plaintiffs

Stephen A. Melendi
Texas Bar No. 24041468
Matthew Rigney
Texas Bar No. 24068636
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
214.665.0100
Counsel for Defendants

(4) No Party has requested a jury.

(5) This case was removed from the 397th Judicial District Court of Grayson County, Texas, which is located at 100 W. Houston Street, Sherman, Texas 75090.

Pursuant to 28 U.S.C. § 1446(a), Plaintiffs' Original Petition is attached hereto as Exhibit 2. Philadelphia's answer is attached hereto as Exhibit 3. A copy of process served on Philadelphia is attached hereto as Exhibit 4, and no orders have been served on Philadelphia. Pursuant to 28 U.S.C. § 1446(d), promptly after Philadelphia files this Notice of Removal, Philadelphia will file with the Clerk of the Grayson County District Court, the state court from which this action was removed, a written notice of the removal and a true copy of this Notice, which will be served on Plaintiffs.

**V.    PRAYER**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446. Accordingly, Philadelphia respectfully prays that the United States District Court for the Eastern District of Texas, Sherman Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

                                                            */s/ Stephen A. Melendi*
                                                          Stephen A. Melendi