CV-21-0184

CAUSE NO. _____

| | | |
|---|---|---|
| TEXOMA DESTINATION, LLC and CORNERSTONE MARINE GROUP, LLC dba LIGHTHOUSE RESORT AND MARINA<br>　　　Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | Grayson County - 397th District Court<br>_____ JUDICIAL DISTRICT |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>　　　Defendant. | §<br>§<br>§<br>§ | GRAYSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND OTHER RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Texoma Destination, LLC and Cornerstone Marine Group, LLC dba Lighthouse Resort and Marina, (" collectively Lighthouse Marina") file this Original Petition against Defendant, Philadelphia Indemnity Insurance Company, ("Defendant or PIIC"), and in support would respectfully show:

### DISCOVERY PLAN

1.  Lighthouse Marina intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### PARTIES

2.  Plaintiffs Texoma Destination LLC and Cornerstone Marine Group LLC dba Lighthouse Resort and Marina are Texas limited liability companies with their principal place of business located in Grayson County, Texas.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 1

3. Defendant, Philadelphia Indemnity Insurance Company ("Defendant or PIIC") is a Pennsylvania corporation with its principal place of business located atOne Bala Plaza, Suite 100, Bala Cynwyd, PA 19004-1403. Defendant may be served with citation and process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, TX 75201-4284.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because it is registered and engaged in the business of insurance in the State of Texas.

5. Venue is proper in Grayson County because Grayson County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, including the county where the contract was formed, the county where the contract was to be performed and the county where the contract was breached; and Grayson County is the county in which Defendant and/or its authorized agents, solicited the transaction made the subject of this action, Tex. Bus. & Comm. Code §17.45(8).

## TEX.R.CIV.P. 47(b)

6. As required by Rule 47 (b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47 (c), Texas Rules of Civil Procedure, Plaintiffs counsel states that Plaintiffs also seek monetary relief in a sum over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek costs of court, and prejudgment and post judgment interest at the highest legal rate.

## SUMMARY

7. Lighthouse Marina is an additional insured under a commercial general liability policy

issued by Defendant to Grand Central Station. A third party filed a personal injury lawsuit against Grand Central Station and Lighthouse Marina. Defendant is providing coverage and a defense for Grand Central Station but has refused to provide coverage and a defense to Lighthouse Marina. Lighthouse Marina seeks, among other things, a declaration that Defendant is obligated to provide it with coverage and a defense.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On or about May 7, 2019, Grand Central Station, through its authorized representative, Laura Wheeler, entered in to a written Event Rental Agreement ("Agreement") with Lighthouse Marina. (Exhibit 1). The terms of the Agreement required Grand Central Station to purchase a policy of commercial liability insurance for the Event insuring Lighthouse Marina against all bodily injury, property damage, personal injury and other loss. The Agreement also required that Lighthouse Marina be named as an additional insured on the Policy. Grand Central Station further agreed to indemnify, defend, and hold Lighthouse Marina harmless from any liabilities, costs, penalties, or expenses arising from the Event.

9. Grand Central Station purchased a general liability policy from Defendant. (Exhibit 2).

10. On or about June 5, 2019, participants in the Event were riding a banana boat being pulled by a boat owned and operated by Lighthouse Marina, when one of the participants was allegedly injured.

11. On July 1, 2020, the participant filed a personal injury lawsuit in the 59th Judicial District Court of Grayson County against Grand Central Station and Lighthouse Marina.

12. Upon information and belief, Defendant is providing coverage and a defense to Grand Central Station in that lawsuit.

13. Lighthouse Marina asked Defendant to provide a defense and indemnification to the claims made in the personal injury lawsuit. (Exhibit 3) On November 2, 2020, Defendant refused to comply with this request, stating that its policy does not afford coverage to Lighthouse Marina because it was not listed as an additional insured on the Policy. (Exhibit 4).

**LIGHTHOUSE MARINA IS AN ADDITIONAL INSURED UNDER THE POLICY**

14. Although Lighthouse Marina is not expressly listed as an additional insured on the certificate of insurance, it is nevertheless an additional insured under the terms of Defendant's policy of insurance.

## CAUSES OF ACTION

15. All conditions precedent for Lighthouse Marina to present and file these claims against Defendant have been performed, have occurred, or have otherwise been waived or excused.

## REQUEST FOR DECLARATORY RELIEF

16. Lighthouse Marina re-alleges and incorporates the previous paragraphs as though fully set forth herein verbatim in support of this request for declaratory relief.

17. Lighthouse Marina brings this action against Defendant pursuant to the Uniform Declaratory Judgments Act, Chapter 37 of the TEX. CIV. PRAC. & REM. CODE, for a declaration concerning the rights, obligations, and responsibilities of the parties under the policy of insurance issued by Defendant. More specifically, Lighthouse Marina seeks a declaration:

    a. That it is an additional insured under policy # PHPK1896185 issued by Defendant to Grand Central Station with policy period from 10/28/18 to 10/28/19.

    b. That it is entitled to indemnity and a defense from Defendant from the claims

made by the Plaintiff in the personal injury lawsuit filed under cause # CV-20-0857.

18. Lighthouse Marina has retained the law firm of Wynne & Smith to represent them in this action, and have agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Lighthouse Marina would be equitable and just, and therefore, authorized by TEX. CIV. PRAC. & REM. CODE § 37.009.

## BREACH OF CONTRACT

19. The allegations contained in the preceding paragraphs are re-alleged and incorporated herein by reference as if fully set forth. Defendant breached the insurance policy issued to Grand Central Station, and to Lighthouse Marina as additional insureds. Lighthouse Marina have fully performed their obligations under the terms of the insurance policy and complied with all conditions precedent to recovery under Texas law. However, Defendant has failed and refused to perform its obligations under the insurance policy, failed and refused to indemnify and defend Lighthouse Marina, and have materially breached the policy contract by failing to provide all benefits owed to an additional insured under the Policy. Defendant's breach of contract has caused Lighthouse Marina to suffer direct and consequential damages for which it now sues to recover.

20. Additionally, Lighthouse Marina is entitled to recover costs, interest, and attorneys' fees by reason of Defendant's breach of contract, as set forth above.

## TEXAS INSURANCE CODE CHAPTER 541

21. The allegations contained in the preceding paragraphs are re-alleged and incorporated herein by reference as if fully set forth. Chapter 541 of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance for

insurers such as Defendant. By its acts, omissions, representations, misrepresentations, and failures, it has violated the following provisions of Chapter 541 of the Texas Insurance Code:

> Sec. 541.060. UNFAIR SETTLEMENT PRACTICES. (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
>   (A) a claim with respect to which the insurer's liability has become reasonably clear; or ...
>
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> \*\*\*
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

Further, Texas Insurance Code Section 541.061 prohibits misrepresentations of insurance policies:

> Sec. 541.061. MISREPRESENTATION OF INSURANCE POLICY. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
>
> (1) making an untrue statement of material fact;
>
> (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
>
> (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
>
> (4) making a material misstatement of law; or

    (5)    failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

22.    The actions taken by Defendant and its respective representatives specifically described in the Statement of Facts above, violate one or more of the Texas Insurance Code prohibitions under § 541.060 and §541.061. Further, § 541.142 provides relief in the form of actual damages, up to three times the amount of actual damages for knowing violations, and attorney's fees for which Lighthouse Marina now seeks recovery.

### ATTORNEY'S FEES, COSTS AND EXPENSES

23.    Lighthouse Marina has been required to employ the undersigned to investigate and prosecute this case and, accordingly, is entitled to recover the necessary and reasonable attorney's fees incurred herein, including attorney's fees for any appeal, as allowed by law.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

24.    Lighthouse Marina is entitled to recover pre-judgment and post-judgment interest at the greatest rate and in the greatest amount allowed by law.

### REQUESTS FOR DISCLOSURE

25.    Pursuant to Rule 194 of the Texas Rules of civil Procedure, Lighthouse Marina requests that Defendant disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

### PRAYER

26.    WHEREFORE, PREMISES CONSIDERED, Lighthouse Marina respectfully requests that:

    A.    Defendant be served and cited to appear and answer herein;

that:

A. Defendant be served and cited to appear and answer herein;

B. A declaratory judgment be rendered in its favor as set forth above;

C. On final trial or other final disposition of this case, Plaintiffs have and recover from Defendant actual damages sustained by Plaintiffs, including attorney fees, expenses, together with pre-judgment and post-judgment interest a the highest lawful rate;

D. Recovery of exemplary damages against Defendant;

E. All costs of court be taxed against Defendant; and

F. Plaintiffs have such other and further relief to which they may be justly entitled, either at law or in equity.

Respectfully submitted,

**WYNNE & SMITH**
707 W. Washington Street
P.O. Box 2228
Sherman, TX 75091-2228
TEL: 903.893.8177
FAX: 903.892.0916
mwynne@wynnesmithlaw.com

By: _____
MICHAEL C. WYNNE
State Bar #22110800

ATTORNEYS FOR PLAINTIFFS

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE .............................. PAGE 8